UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

HECTOR LUCERO,
    Plaintiff,

vs.                                                  No. 19 CV 106 JAP/LF

DEBT RECOVERY ATTORNEYS, and
MICHAEL SAYER,
    Defendants.

**MEMORANDUM OPINION AND ORDER**

On March 1, 2019, Defendants Debt Recovery Attorneys (DRA) and owner Michael Sayer (Sayer) (together, Defendants) filed DEFENDANT DEBT RECOVERY ATTORNEYS AND MICHAEL SAYER'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(b)(6); OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(e); MEMORANDUM OF POINTS AND AUTHORITIES (Doc. No. 6) (Motion). Plaintiff Hector Lucero (Plaintiff) opposes the Motion. *See* PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS (Doc. No. 9) (Response). The Motion is fully briefed. *See* DEFENDANT DEBT RECOVERY ATTORNEYS AND MICHAEL SAYER'S REPLY IN OPPOSITION OF PLAINTIFF TO MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(b)(6); OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(e); MEMORANDUM OF POINTS AND AUTHORITIES (Doc. No. 10) (Reply).

Having considered the Motion, Response, Reply, and the applicable law, the Court will deny the Motion because the Complaint and the Response adequately inform Defendants of Plaintiff's claim for violations of the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692g (a)(3) through the use of an allegedly misleading form letter to collect a debt.

1

I.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6) a court may dismiss a claim "for failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). In evaluating a Rule 12(b)(6) motion, the court must "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view the facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). To summarize, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true ...." *Twombly*, 550 U.S. at 555.

When reviewing a motion to dismiss, the Court "generally must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference." *De Gutierrez v. Albuquerque Pub. Sch.*, 18 CV 00077 JAP/KBM, 2018 WL 3647208, at *3 (D.N.M. Aug. 1, 2018) (unpublished) (citation omitted). However, in the Tenth Circuit, courts may "consider additional facts or legal theories asserted in a response

brief to a motion to dismiss if they were consistent with the facts and theories advanced in the complaint." *Id.* (quoting, *Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001)). Within the Court's discretion, a claim can be saved by additional, consistent facts provided in subsequent briefing. *Hayes*, 264 F.3d at 1025.

Rule 12(e) provides,

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response….

Fed. R. Civ. P. 12(e). Where a defendant is unable to frame a fair response to a pleading because the pleading's meaning is unclear, the proper remedy is ordinarily not a motion to dismiss but instead a motion for a more definite statement. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.").

## II. ALLEGATIONS IN THE COMPLAINT

On February 7, 2019, Plaintiff filed the CLASS ACTION COMPLAINT FOR DAMAGES (Doc. No. 1) (Complaint). In the Complaint, Plaintiff alleges that Defendants as debt collectors violated the FDCPA by sending collection form letters that do not meet the requirements of the FDCPA. Plaintiff alleges that in January 2017, he entered into a Residential Solar Power Purchase Agreement (PPA) with Vivint Solar (Vivint). (Compl. ¶ 5.) In the PPA, Plaintiff purchased electricity generated by a solar energy system in exchange for payment over 20 years. (*Id.* ¶ 9(a).) Vivint contracted with DRA to collect the debt owed by Plaintiff under the PPA. (*Id.* ¶ 22.)

In November 2018, DRA sent a form letter to Plaintiff dated November 12, 2018 (November 2018 Letter) in which DRA identified itself as a "debt collector" and demanded payment of the entire balance due under the PPA, referred to as the "Debt." (*Id.*) On the reverse side of the November 2018 Letter, DRA stated: "You have thirty (30) days from the date of this letter to dispute the Debt, or any portion of it, before it is assumed to be valid." (*Id.* ¶ 23.) Plaintiff alleges that Sayer's signature appears on the November 2018 Letter and that Sayer created, approved, or ratified the November 2018 Letter. (*Id.* ¶ 24–25.) Plaintiff alleges that DRA sent a similar form letter to 100 or more consumer debtors. (*Id.* ¶ 26.) Plaintiff claims that the November 2018 Letter violates § 1692g(a)(3) of the FDCPA. (*Id.* ¶ 32.)

In a second letter to Plaintiff dated December 13, 2018 (December 2018 Letter), also with Sayer's signature at the bottom, DRA stated that it "may commence legal proceedings pursuant to" the PPA.[1]

In the single First Claim for Relief (First Claim), Plaintiff alleges that Defendants' "actions" violated the FDCPA, "including but not limited to 15 U.S.C. § 1692g(a)(3)." (*Id.* ¶ 37.) Plaintiff claims he and the class members are entitled to recover statutory damages, plus attorney's fees and costs. (*Id.* ¶ 38.)

III. DISCUSSION

The FDCPA was designed to "eliminate abusive debt collection practices by debt collectors ... and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To establish a violation of the FDCPA, a plaintiff must show that (1) he is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into primarily for personal, family, or household purposes, as required by 15

---

[1] In paragraphs 28–36 of the Complaint, Plaintiff alleges facts related to the certification of this case as a class action. The Court will not discuss those allegations at this time.

U.S.C. § 1692a(5); (3) the defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant, through its acts or omissions, violated a provision of the FDCPA. *Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1072–73 (D. Colo. 2015). Plaintiff alleges that he entered into a PPA with Vivint Solar in January 2017 "pursuant to a door-to-door sale." (Compl. ¶ 5.) From this allegation, the Court can infer that Plaintiff is a consumer within the meaning of the FDCPA, which defines "consumer" as any natural person obligated to pay any debt. 15 U.S.C.A. § 1692a(3). From the same allegation, the Court can infer that Plaintiff owes the debt under the PPA for a household service. Defendants are admittedly "debt collectors" because they refer to themselves as such in the November 2018 Letter. (Compl. ¶ 22.)[2] Finally, Plaintiff alleges that Defendants violated § 1692g(a)(3) of the FDCPA.

> Section 1692g(a)(3) provides:
>
> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall … send the consumer a written notice containing—
> …
> > (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.]

15 U.S.C. § 1692g(a)(3).

Defendants argue that the Complaint "is so lacking in any factual allegations in support of the claim for relief that the [Complaint] should be dismissed." (Mot. at 6.) Defendants claim that Plaintiff failed to outline specifically how the November 2018 Letter and the December 2018 Letter violated the FDCPA and that Plaintiff failed to state what "actions" by Defendants

---

[2] The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect ... debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

violated the FDCPA. (*Id.* at 8.) According to Defendants, the Complaint is "completely devoid of any allegation(s) … that would give Defendants a reasonable opportunity to respond to the [Complaint]." (Mot. at 8.) Defendants ask the Court to either dismiss the Complaint under Rule 12(b)(6) for failure to state a claim or order Plaintiff to file an amended complaint with more definitive allegations.

Plaintiff contends that his allegations sufficiently demonstrate that Defendants violated the FDCPA "via language recited" in the Complaint from the November 2018 Letter. (Resp. at 1.) Plaintiff has also attached the November 2018 Letter as Exhibit A to the Response. (*Id.* Ex. A.) Plaintiff points to the November 2018 Letter, quoted in the Complaint (¶ 22), "[y]ou have thirty (30) days from the date of this letter to dispute the Debt, or any portion of it, before it is assumed to be valid." In the Response, Plaintiff maintains that the November 2018 Letter violated § 1692g(a)(3) in two material ways. First, § 1692g(a)(3) requires debt collectors to state that a debtor has 30 days after *receipt* of the notice to dispute the debt. In contrast, Defendants' November 2018 Letter states that Plaintiff had 30 days "from the date of the letter" to dispute the debt. This is an important difference. The date a debtor receives a notice may be several days after the date printed on the notice thereby shortening the time for a debtor to lodge a dispute. Second, the statute requires a debt collector to notify a debtor that if the debtor fails to effectively and timely dispute a debt, the debt will be "assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3). However, the November 2018 Letter states that the Plaintiff must timely dispute the debt "before it is assumed to be valid." Plaintiff maintains that the omission of the words, "by the debt collector," would lead a consumer to believe that failure to timely dispute a debt means the debt will be considered valid for all purposes and by all third parties, such as courts and credit reporting agencies. (Resp. at 3.) In sum, Plaintiff maintains that the Complaint sufficiently

6

conveys his intention to challenge the misstatement and omitted statutory language in the November 2018 Letter. The Court agrees and finds that Plaintiff has stated a claim for the violation of § 1692g(a)(3) of the FDCPA. Moreover, there is no need for a more definite statement.

Under Rule 8(a)(2) a Complaint need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's Complaint referred to a specific quoted sentence in the form letters and cites a specific section of the FDCPA requiring notices to precisely inform the consumer that the consumer must dispute a debt within 30 days of receipt of the notice and that a debt collector may assume a debt's validity if the consumer fails to timely dispute a debt. Hence, the Complaint sufficiently notifies Defendants of the type of FDCPA violations of which they are accused. In addition, the added details in the Response and the attached November 2018 Letter are consistent with the allegations in the Complaint and provide additional detail that will allow Defendants to respond to Plaintiff's claim. Thus, the Court will deny the Motion. Under Rule 12(a)(4), Defendants must serve a responsive pleading within 14 days after entry of this ruling.

IT IS ORDERED that the DEFENDANT DEBT RECOVERY ATTORNEYS AND MICHAEL SAYER'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(b) (6); OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(e); MEMORANDUM OF POINTS AND AUTHORITIES (Doc. No. 6) is denied.

                                             /s/ James A. Parker
                                      SENIOR UNITED STATES DISTRICT JUDGE