IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Hector LUCERO,

    Plaintiff,

    v.                                                                   Civ. No. 19-106 JAP/LF

DEBT RECOVERY ATTORNEYS and
MICHAEL SAYER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On January 5, 2019, Defendant Michael Sayer filed a NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT BY DEFENDANT MICHAEL SAYER; MEMORANDUM OF POINTS AND AUTHORITIES ("Motion") (Doc. No. 85). Mr. Sayer argues first that Plaintiff lacks standing to pursue any further action against him in this case and second that "there is no genuine dispute of material fact that [Defendant] Sayer is entitled to the affirmative defense afforded by 15 [U.S.C.] § 1692(k) . . . ."[1] Mot. at 2. Plaintiff counters that the Fair Debt Collection Practices Act ("FDCPA") allows him to continue prosecuting claims despite entry of judgment against the other Defendant, Debt Recovery Attorneys ("DRA"). *See* PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT ("Response") (Doc. No. 90). Plaintiff did not address the issue of any potential affirmative defense. Because Plaintiff has already recovered to the fullest extent allowed under the FDCPA, the Court will grant Defendant Sayer's Motion.

---

[1] 15 U.S.C. § 1692k(c) allows a debt collector to escape liability "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

**Factual Background**

The facts of this case have been previously discussed by the Court, *see* MEMORANDUM OPINION AND ORDER (Doc. No. 13) at 3–4, but in sum: Defendants sent a debt collection letter to Plaintiff, who then sued for failure to comply with the FDCPA's technical requirements for a notice of debt under 15 U.S.C. § 1692g(a)(3). Plaintiff originally alleged, but has since dropped, class action claims against Defendants. *See* NOTICE OF DISMISSAL OF CLASS ALLEGATIONS (Doc. No. 72). Plaintiff has at no point claimed any actual damages from Defendants' conduct, only statutory damages. *See* CLASS ACTION COMPLAINT FOR DAMAGES ("Complaint") at ¶ 38; PLAINTIFF'S STIPULATION (Doc. No 69).

On November 27, 2019, Defendant DRA individually made an offer of judgment under Federal Rule of Civil Procedure ("Rule") 68. *See* PLAINTIFF'S NOTICE OF ACCEPTANCE OF DEBT RECOVERY ATTORNEY'S RULE 68 OFFER ("Notice") (Doc. No. 67), Ex. A. On December 2, 2019, Plaintiff accepted the offer. *See id.* at 1. Importantly, the Notice stated that Plaintiff "will continue [litigation] against Defendant Michael Sayer." *Id.* On December 9, 2019, Plaintiff stipulated that he is seeking only statutory damages.[2] *See* PLAINTIFF'S STIPULATION (Doc. No 69). Defendant DRA accordingly moved for an entry of judgment on December 13, 2019. *See* MOTION FOR ENTRY OF JUDGMENT (Doc. No. 70).

On December 13, 2019, the Court sent a letter to counsel requesting clarification on whether the offer of judgment was on behalf of both Defendant Michael Sayer and Defendant DRA, or solely the latter. If the offer of judgment was on behalf of both defendants, the Court directed the parties to file a joint proposed order of dismissal of Plaintiff's claims against all defendants. Defendant Sayer then submitted a proposed order, without the joinder or consent of

---

[2] The FDCPA refers to the damages as "additional damages," though the Court and the parties collectively use the term "statutory damages."

Plaintiff, triggering a slew of emails arguing over the extent of the Rule 68 offer of judgment. On December 16, 2019, Plaintiff dismissed the class allegations in the Complaint. *See* Doc. No. 72. On January 5, 2020, Defendants filed their Motion. On January 27, 2020, the Court held a hearing that included argument on this Motion.

## Standard of Review

"The court [will] grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–51 (1986). "There is a genuine issue of material fact if a rational jury could find in favor of the nonmoving party on the evidence presented." *Fassbender v. Correct Care Sols., LLC*, 890 F.3d 875, 882 (10th Cir. 2018) (internal quotation marks omitted). "The movant bears the initial burden of making a *prima facie* demonstration of the absence of a genuine issue of material fact . . . ." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The movant may meet this burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. Courts applying this standard must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000).

## Analysis

The FDCPA prescribes liability for "any debt collector who fails to comply with any provision of this subchapter [for] any actual damage sustained . . . as a result of such failure; [and]

3

in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000[.]" 15 U.S.C. § 1692k(a). A notice of debt, like the one sent here, must contain "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.]" 15 U.S.C. § 1692g(a)(3). The parties agree that Defendants' debt collection letter failed to comply with § 1692g(a)(3) for stating that Plaintiff had thirty days "from the date of this letter" (rather than receipt) to dispute the debt. No material factual debate remains with respect to Defendants' violation of the FDCPA. Moreover, because Plaintiff claims no actual damages and withdrew class action allegations, Plaintiff could only seek individual statutory damages. Defendant DRA has already satisfied Plaintiff's statutory damages claim through its Rule 68 offer of $1501.00. The only remaining question is what liability, if any, Defendant Sayer has.

Defendant Sayer argues that because the FDCPA allows for one collection per suit, the Court must dismiss him individually as a matter of law after entry of the Rule 68 Judgment. There is no Tenth Circuit authority on this issue. Defendant Sayer cites to the Seventh Circuit's opinion in *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 385 (7th Cir. 2018). The plaintiff in *Portalatin* sued for actual and statutory FDCPA damages and agreed to a settlement with one of the two defendants. *Id*. at 381. The plaintiff, prospectively seeking only statutory damages, then wanted to continue litigation against the remaining defendant. *Id*. The Seventh Circuit determined that the plaintiff could no longer pursue the case because her prior settlement satisfied the maximum statutory amount she could collect for the action. *Id*. at 387 ("As [the plaintiff] was only entitled to one recovery of FDCPA additional damages capped at $1,000 for her indivisible injury, her settlement with [the first defendant] mooted this claim against [the second defendant], and the district court should have dismissed it."). The Seventh Circuit held that

the text of the FDCPA liability provisions limited statutory damages to $1,000 per *action*, "not per violation and not per defendant." *Id.* The Seventh Circuit noted that "FDCPA additional damages are not multiplied by the number of defendants where the plaintiff suffered an indivisible harm caused by defendants who did not violate the FDCPA independently of each other." *Id.* at 386.[3]

Plaintiff, like the plaintiff in *Portalatin*, relies on *Overcash v. United Abstract Grp., Inc.*, 549 F.Supp. 2d 193, 196 (N.D.N.Y. 2008), and *Jones v. Invest. Retrievers, LLC*, No. 3:10-CV-1714, 2011 WL 1565851 (M.D. Pa. Apr. 25, 2011), to rebut this theory. The district courts in those cases assessed statutory damages against multiple defendants in the same FDCPA action. The *Portalatin* Court directly addressed these cases, saying:

> Portalatin heavily relies on *Strasters v. Weinstein & Riley, P.S.*, No. CV-10-3070, 2011 WL 3320583 (E.D. Wash. Aug. 2, 2011), to support her argument that she is entitled to separate statutory-damages awards from each Defendant. *Strasters* in turn relied on *Overcash* [] and *Jones* []. These three cases allowed recovery of additional damages on a per-defendant basis on the ground that "the FDCPA's statutory damages are 'cast not in terms of the plaintiff's recovery, but in terms of the defendant's liability.'" *Strasters*, 2011 WL 3320583 at *3 (quoting *Overcash*, 549 F.Supp. 2d at 197). *Overcash* explains the textual analysis ostensibly supporting this conclusion: "The statute provides, in part, that 'any debt collector . . . is liable' for additional damages not to exceed $1,000." *Overcash*, 549 F.Supp. 2d at 196. But this quote shows the blind spot in the analysis. The phrase "any debt collector . . . is liable" in § 1692k(a) applies equally to the "actual damage" provision in § 1692k(a)(1) as it does to the "additional damages" provision in § 1692k(a)(2)(A). *Overcash* leapfrogs over the "actual damage" provision. But as we already noted, there is no dispute that actual damages are not recoverable on a per-defendant basis. Moreover, *Overcash* involved multiple defendants separately attempting to collect a debt, and each violating the FDCPA multiple times. Therefore, these cases do not help Portalatin.

---

[3] Numerous other circuits also follow this approach. *See Goodmann v. People's Bank*, 209 Fed.Appx. 111, 114 (3d Cir. 2006) ("We agree with Appellees that 15 U.S.C. § 1692k(a)(2)(A) is best read as limiting statutory damages to $1,000 per successful court action."); *Peter v. GC Servs., L.P.*, 310 F.3d 344, 352 n.5 (5th Cir. 2002) ("[D]amages for violation of the FDCPA in § 1692k are limited to actual damages, plus maximum statutory damages of $1000 per action, not per violation . . . ."); *Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir. 1994) ("Congress intended to limit 'other damages' to $1,000 per proceeding, not to $1,000 per violation."); *Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992) ("Because Congress instead chose to write that additional damages would be limited to $1,000 per 'action,' we agree with the district court that 'the plain language of section 1692k(a)(2)(A) provides for maximum statutory damages of $1,000.'").

*Portalatin*, 900 F.3d at 386 n.6.

The Court agrees with, and will follow, the reasoning of the Seventh Circuit in *Portalatin*. Plaintiff here is in the same position as the plaintiff in *Portalatin*—the only difference being that the plaintiff in *Portalatin* agreed to a settlement, whereas here Plaintiff accepted a Rule 68 offer of judgment. This difference does not change the underlying rationale that, once an FDCPA claim for statutory damages is fully satisfied, litigation against any remaining defendants for the same injury must end. *See Portalatin*, 900 F.3d at 387. The parties do not dispute that Plaintiff "suffered an indivisible harm caused by defendants who did not violate the FDCPA independently of each other." *Id*. at 386. Under the agreed offer of judgment, Plaintiff has received more than the maximum statutory damages for his claim from Defendant DRA. Defendant DRA's Rule 68 offer completely satisfies Plaintiff's claim. Plaintiff cannot collect again from Defendant Sayer under *Portalatin*.[4]

Because there are no remaining disputes as to the material facts, Defendant Sayer is entitled to judgment as a matter of law. Accordingly, the Court will grant summary judgment for Defendant Sayer and will dismiss him from this case. The Court need not address Defendant Sayer's "bona fide error" defense argument under 15 U.S.C. § 1692k(c) because the issue is now moot. The Court will also dismiss all pending discovery-related motions as moot.

IT IS THEREFORE ORDERED that

(1) Defendant Michael Sayer's NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT BY DEFENDANT MICHAEL SAYER; MEMORANDUM OF POINTS AND AUTHORITIES (Doc. No. 85) is GRANTED;

---

[4] Because Plaintiff also dismissed the class allegations before certification, there is nothing left in this case to resolve. *See Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1250 (10th Cir. 2011) (holding that pending class certification keeps a case alive despite the presence of a Rule 68 offer of judgment for the named plaintiff).

(2) Defendant Debt Recovery Attorneys' DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY (Doc. No. 57) is DENIED as moot;

(3) PLAINTIFF'S SECOND MOTION TO COMPEL (Doc. No. 71) is DENIED as moot; and

(4) All claims filed by Plaintiff Hector Lucero against Defendant Michael Sayer, are hereby DISMISSED with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE