# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

Hector LUCERO,

    Plaintiff,

    v.                                                            Civ. No. 19-106 JAP/LF

DEBT RECOVERY ATTORNEYS and
MICHAEL SAYER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On December 16, 2019, Plaintiff filed PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS ("Motion") (Doc. No. 73). On November 27, 2019, Defendant Debt Recovery Attorneys ("DRA") individually made an offer of judgment under Federal Rule of Civil Procedure ("Rule") 68. *See* PLAINTIFF'S NOTICE OF ACCEPTANCE OF DEBT RECOVERY ATTORNEY'S RULE 68 OFFER ("Notice") (Doc. No. 67), Ex. A. On December 2, 2019, Plaintiff accepted the offer. *See id.* at 1. On January 27, 2020, the Court held a hearing that included argument on this Motion. On January 28, 2020, the Court entered judgment under the Rule 68 offer, entitling Plaintiff to "reasonable attorney's fees" and costs both before and after Defendant DRA made the Rule 68 offer. *See* RULE 68 JUDGMENT (Doc. No. 96). After reviewing the briefing and considering the issues raised by the parties, the Court will award some, but not all, of Plaintiff's requested attorney's fees.

Plaintiff initially requested $37,711.25 in sum, comprised of $32,031 in attorney's fees, $3,157.81 in costs, and $2,522.44 in gross receipts tax. Mot. at 1. At the January 27, 2019, hearing, Plaintiff provided Plaintiff's Exhibit A, an updated estimate of attorney's fees and costs to-date. Plaintiff now claims Defendant DRA owes $42,492.44 for all work done up to the January 27th

hearing. Plaintiff, in both his Motion and in the exhibit, provided a thorough, itemized list of each item billed, with the date, description of work, hourly rate, time billed, and total cost.

Defendant DRA opposes some, but not all, of Plaintiff's requested fees.[1] Defendant DRA argues that Plaintiff's requested fees are unreasonable "for a case based upon a single letter sent to Plaintiff that contained a purely technical or de minimis violation" of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(a)(3). Def.'s Opp'n Br. at 3. Defendant DRA claims that Plaintiff's counsel "over-zealously prosecuted the case, asserting various claims for damages, none of which were sustainable." *Id*. at 4. Defendant DRA argues that the requested fees are excessive in light of the "modest sum" of statutory damages awarded, $1,501.00, compared to Plaintiff's first settlement offer of $112,000.00.[2] *Id*. at 5. Defendant DRA further maintains that Plaintiff's failure to designate an expert by September 3, 2019, to "present competent admissible evidence as to the DRA financial records and net worth[,]" precludes Plaintiff from collecting fees for work towards "seeking [Defendants'] financial records . . . ." *Id*. at 10–11. Defendant DRA objects to $7,921.05 total in fees and claims that Plaintiff overbilled $383.50 in excessive time and office administration. *Id*. at 11. At the January 27, 2020 hearing, Defendant DRA indicated that it did not object to Plaintiff's $292.08 average per-hour billing rate, nor did it object to work billed before September 5, 2019. *See* CLERK'S MINUTES (Doc. No. 93).

---

[1] *See* DEFENDANT'S OPPOSITION ON THE MERITS TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS "Defendant's Opposition Brief" (Doc. No. 82). The Court will note that counsel for all parties failed to file their motions or responses on this issue in accordance with the District of New Mexico Local Rules of Civil Procedure. The Court, however, agreed at the hearing that it would consider the Motion timely and Defendant's Opposition Brief proper for the sake of efficiency and to reduce continued litigation costs.

[2] Plaintiff made this offer when the case was still potentially a class-action suit and did so on behalf of the entire class. *See* Def.'s Opp'n Br., Ex. B at 1. Plaintiff later accepted judgment on an individual basis and dropped the class allegations. *See* PLAINTIFF'S NOTICE OF ACCEPTANCE OF DEBT RECOVERY ATTORNEY'S RULE 68 OFFER (Doc. No. 67); NOTICE OF DISMISSAL OF CLASS ALLEGATIONS (Doc. No. 72).

## Analysis

The FDCPA allows a plaintiff to recover, "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The key word here is *reasonable*. "In determining appropriate attorneys' fees, courts generally begin by calculating the lodestar—the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended." *Obenauf v. Frontier Fin. Grp., Inc.*, 785 F. Supp. 2d 1188, 1206 (D.N.M. 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–37). "The court may then adjust that figure to reflect various factors, including the degree of success obtained, the significance of the legal issues involved, and the public interest advanced by the litigation." *Obenauf*, 785 F. Supp. 2d at 1206 (citing *Farrar v. Hobby*, 506 U.S. 103, 120–22 (1992) (O'Connor, J., concurring)). The Tenth Circuit primarily employs the lodestar determination in assessing reasonable attorney's fees. *See Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1104 (10th Cir. 2010).

Plaintiff's counsel requests an average of $292.08 per hour. *See* Pl.'s Ex. A at 7. "The setting of a reasonable hourly rate is within the district court's discretion, but should reflect the prevailing market rates in the relevant community." *Obenauf*, 785 F. Supp. 2d at 1207 (quoting *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995)) (internal quotation marks omitted). As good measurement, Mr. Treinen, counsel for both the plaintiff in *Obenauf* and the Plaintiff here, requested $250 per hour in 2011 for the same debt collection defense work he does now. *See Obenauf*, 785 F. Supp. 2d at 1207. The *Obenauf* Court approved of his rate then, and an increase of $42.08 per hour over nine to ten years is not unreasonable. Furthermore, Defendant DRA does not dispute Mr. Treinen's hourly rate. The Court finds that $292.08 per hour is reasonable for the work performed here.

Mr. Treinen also claims that he performed a total of 124.5 hours of work. *See* Pl.'s Ex. A at 7. Defendant DRA objects to approximately 26 hours of this total on the theory that the results of Plaintiff's efforts to investigate Defendant DRA's net worth would ultimately be inadmissible. Def.'s Opp'n Br. at 10. Defendant DRA, however, fails to direct the Court to any law that forbids attorneys from charging the time to obtain relevant evidence that may later be inadmissible. In absence of such guidance, the Court will not reduce the amount of hours claimed. Plaintiff's counsel has worked on this case for over one year now, a case which has involved a motion to dismiss, several motions to compel, multiple depositions (including some in California), and a deluge of miscellaneous motions filed in December 2019. The Court finds the amount of time charged by Mr. Treinen to be reasonable. The Court finds that the lodestar for Plaintiff's attorneys fees to be $36,363.96.

Now that the Court has determined the lodestar, the Court will apply the framework of *Farrar* to make any adjustments to the lodestar. *Farrar*, 506 U.S. at 114; *Obenauf v. Frontier Fin. Grp., Inc.*, 785 F. Supp. 2d at 1212 ("While the Tenth Circuit has not addressed whether *Farrar v. Hobby* applies to FDCPA cases, the Courts of Appeals that have reached the question uniformly agree that is does."). The plaintiffs in *Farrar* received "nominal damages instead of the $17 million in compensatory damages that they sought." *Farrar*, 506 U.S. at 114. According to the Supreme Court, the litigation "accomplished little beyond giving petitioners the moral satisfaction of knowing that a federal court concluded that their rights had been violated in some unspecified way." *Id.* (citing *Hewitt v. Helms*, 482 U.S. 755, 762 (1987)) (internal quotation marks omitted). The Supreme Court observed that in some cases "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Farrar*, 506 U.S. at 114 (quoting *Hensley*, 461 U.S. at 436).

4

Having considered the same factors as *Farrar* and *Obenauf*, (1) the degree of success obtained, (2) the significance of the legal issues involved, and (3) the public interest advanced by the litigation, the Court will depart downward from the lodestar. *Obenauf*, 785 F. Supp. 2d at 1206 (citing *Farrar*, 506 U.S. at 120–22 (1992) (O'Connor, J., concurring)). The Supreme Court considers the degree of litigation success to be the most important factor. *See Farrar*, 506 U.S. at 114. Plaintiff argued at the hearing that he has achieved "full success" by securing the Rule 68 judgment for $500.01 more than the maximum statutory damages. Defendant DRA counters in its Opposition Brief that Plaintiff's success falls well short of the original expectations based on the Plaintiff's $112,000 settlement offer. Def.'s Opp'n Br. at 5. Though Plaintiff secured a favorable judgment that was less than the class-action amount initially sought, he did nonetheless get exactly what he wanted as an individual—statutory damages for a violation of the FDCPA. Given the possibility that, at a trial the Plaintiff may have received no statutory damages at all, in view of the rather *de minimis* violation of the act, *see* 16 U.S.C. § 1692k(b), he was relatively successful. Accordingly, the Court will not reduce Plaintiff's attorney's fees based on his degree of success.

The remaining factors, however, weigh strongly against awarding Plaintiff's requested amount. Given that Plaintiff alleged, and Defendants conceded, nothing more than a mere technical error in the wording of one letter, "one searches these facts in vain for the public purpose this litigation might have served." *Farrar*, 506 U.S. at 122 (O'Connor, J., concurring). The Fourth Circuit has remarked that "[i]n contrast to [a defendant's] technical violation of [the FDCPA], we note that other consumer protection statutes, and indeed, other provisions of the FDCPA, aim at truly abusive or deceitful debt collection, credit reporting, and similar practices. Proof of these sorts of violations may establish a foundation for larger attorney's fee awards." *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 630 (4th Cir. 1995). The Fourth Circuit concluded that the "technical"

5

nature of the violation did not warrant significant attorney's fees. *Id*. The Court likewise believes the insignificant conduct alleged does not justify the exorbitant pricetag of this litigation.

Similarly, unlike another case in which Mr. Treinen recovered a large sum of attorneys' fees, *see Anchondo*, 616 F.3d at 1108, this case did not involve litigation over complex areas of the law. In *Anchondo*, the defendants challenged whether "(1) the message at issue was not a 'communication,' as defined by the FDCPA, (2) the FDCPA is unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment, and (3) the FDCPA unreasonably burdens Defendant's exercise of commercial speech protected under the First Amendment." *Anchondo v. Anderson, Crenshaw, & Assocs., L.L.C.*, No. CIV 08-0202 RB/WPL, 2009 WL 10664933, at *1 (D.N.M. Dec. 16, 2009). The issues presented in *Anchondo* were significantly more complex than the simple issue here, yet Plaintiff requests that the Court award fees and costs comparable to those in *Anchondo* ($42,492.00 here versus $63,333.52 in *Anchondo*). The Court will decline to do so.

As the *Farrar* Court noted, district courts have a "central responsibility to make the assessment of what is a reasonable fee under the circumstances of the case." *Farrar*, 506 U.S. at 115 (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989)). "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness, or multiplying the number of hours reasonably expended . . . by a reasonable hourly rate[.]" *Id*. (internal quotations and citations omitted). With respect to the FDCPA, the Fourth Circuit dealt with facts similar to those in this case and reduced the requested attorney's fees. The Fourth Circuit approved of the district court's rationale that "the fees awarded should bear some rational relationship to the nature of the defendant's violation" to affirm the reduction of fees from $10,000 to $500 for a case worth $50 in statutory damages. *Id*.

Like the *Obenauf* Court, the Court believes that, because Plaintiff brought a successful FDCPA suit, the Plaintiff should be entitled to some attorney's fees. *See Obenauf*, 785 F. Supp. 2d at 1219. The award should reflect Plaintiff's "modest success in this case, while providing an incentive to attorneys to bring these types of cases." *Id*. at 1220. Though "full attorney's fees are better awarded in egregious cases[,]" an attorney's fee award should still "serve[] Congress' intent of making the FDCPA self-executing through civil suits." *Id*. The award, however, should not be "so large that it is a windfall" for the plaintiff's attorney. *Id*. In light of these principles, the *Obenauf* Court awarded roughly 50% of the requested attorney's fees ($2,500 out of the requested $4,883.25). *Id*.

The Court believes that Plaintiff was moderately more successful than the plaintiff in *Obenauf*, as he secured more than the full amount of statutory damages. However, Plaintiff never requested, nor likely could he have proved, any actual damages. And just like the plaintiff in *Obenauf*, this lawsuit "did not resolve a significant issue and served little if any public purpose." *Id*. at 1219. Given the degree of harm alleged, this litigation was much more protracted than necessary, and the fee award should reflect that. The Court therefore concludes that an award of $5,000.00 in attorney's fees, plus $393.75 for New Mexico Gross Receipts tax, and costs of $3,265.31, is appropriate.

IT IS THEREFORE ORDERED that:

(1) PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS (Doc. No. 73) is GRANTED in part;

(2) PLAINTIFF'S MOTION TO STRIKE DEBT RECOVERY ATTORNEYS' SURREPLIES TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY

FEES AND COSTS OR, ALTERNATIVELY, ALLOW A RESPONSE TO THE SURREPLIES (Doc. No. 84) is DENIED as moot;

(3) Plaintiff is awarded attorney's fees in the amount of $5,000.00, plus gross receipts tax of $393.75, and costs in the amount of $3,265.31, for a total award of $8,659.06.

_____
SENIOR UNITED STATES DISTRICT JUDGE